**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ERIC G. SMITH, | § | |
| | § | |
| Appellant, | § | Civil Action No. C-07-123 |
| | § | (Lead Case) |
| v. | § | |
| | § | |
| AET INC., LIMITED, | § | |
| | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| ERIC G. SMITH, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. C-07-124 |
| | § | (Member Case) |
| PADRE ISLES PROPERTY OWNERS | § | |
| ASSOCIATION, INC., et al., | § | |
| | § | |
| Appellees. | § | |

| | | |
|---|---|---|
| ERIC G. SMITH, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | Civil Action No. C-07-126 |
| v. | § | (Member Case) |
| | § | |
| MICHAEL B. SCHMIDT, TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

**<u>ORDER</u>**

On this day came on to be considered AET Inc., Limited's ("AET")[1] motions to dismiss two of the bankruptcy appeals in the above-styled consolidated action (Case No. 07-123, D.E. 7, 8). Specifically, AET seeks to dismiss (1) Eric G. Smith and Janet D. Smith's appeal of Bankruptcy Court Order No. 400 in Case No. 05-21079-C-7, <u>In re Eric G. and Janet D. Smith</u> (originally filed in

---

[1]AET was formerly known as American Eagle Tankers, Inc.  AET is now known as AET, Inc., Limited.

Case No. 07-124); and (2) Eric G. Smith's appeal of Bankruptcy Court Order No. 169 in Adversary Proceeding No. 06-02059, <u>American Eagle Tankers Inc. v. Eric Gene Smith</u> (originally filed in Case No. 07-123).[2]  For the reasons set forth below, the Court hereby GRANTS AET's motions to dismiss the above-referenced bankruptcy appeals in Case Nos. 07-123 and 07-124.

## I.  Factual and Procedural Background

On July 22, 2005, Debtors Eric G. Smith and Janet D. Smith ("Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (Bankr. Case, D.E. 1).  Per the Debtors' request, the case was converted to a Chapter 7 case on September 9, 2005 (Bankr. Case, D.E. 12).

### A.  Appeal in Case No. 07-124

Debtors filed several motions to dismiss the pending Chapter 7 bankruptcy case, <u>In re Eric G. and Janet D. Smith</u>, Case No. 05-21079-C-7.  (Bankr. Case, D.E. 22, 91, 360, 399).  All of these motions were denied by the Bankruptcy Court.  (Bankr. Case, D.E.

---

[2]This is a consolidated action involving three separate bankruptcy appeals.  Eric G. Smith and Janet D. Smith filed two separate appeals of orders entered by the Bankruptcy Court in the Chapter 7 bankruptcy case, <u>In re Eric G. and Janet D. Smith</u>. These appeals were docketed in this Court as Case Nos. 07-124 and 07-126.  Eric G. Smith also filed an appeal of an order of the Bankruptcy Court entered in Adversary Proceeding No. 06-02059, <u>American Eagle Tankers Inc. v. Eric Gene Smith</u>.  That appeal was docketed in this Court as Case No. 07-123.  On April 20, 2007, pursuant to Federal Rule of Civil Procedure 42(a), this Court consolidated the three appeals, with Case No. 07-123 as the lead case and Case Nos. 07-124 and 07-126 as the member cases (Case No. 07-123, D.E. 6).

46, 105, 110, 149, 400).[3]  Mr. and Mrs. Smith now appeal the Bankruptcy Court's denial of the motion to dismiss that they filed on March 12, 2006 (Bankr. Case, D.E. 360).  The Smiths had moved to dismiss based on various grounds, including their claim that they had "new, steady income with which to be able to pay their actual debts."  (Id., ¶¶ 2-6).  The Bankruptcy Court denied the Smiths' motion after a hearing on April 16, 2007 (Bankr. Case, D.E. 400).[4]  The Smiths' appeal of Bankruptcy Court Order No. 400 was docketed in Case No. 07-124 before this Court.

**B.   Appeal in Case No. 07-123**

**1.   Adversary Proceeding**

On August 11, 2006, AET filed a complaint against Debtor Eric G. Smith in Adversary Proceeding No. 06-02059, American Eagle Tankers, Inc. v. Eric Gene Smith (hereinafter, the "AET Adversary

---

[3]The Debtors' motion to dismiss the Chapter 7 case, filed on May 10, 2006 (Bankr. Case, D.E. 91), appears to have been granted by the Bankruptcy Court on June 2, 2006 (Bankr. Case, D.E. 101). However, that order was VACATED by the Bankruptcy Court on June 9, 2006 (Bankr. Case, D.E. 105).  On June 14, 2006, the Debtors filed a motion for reconsideration of the Bankruptcy Court's order vacating the dismissal (Bankr. Case, D.E. 110).  The Bankruptcy Court denied the Debtors' motion for reconsideration on July 26, 2006 (Bankr. Case, D.E. 149).

[4]The Court notes that Mr. and Mrs. Smith filed their Notice of Appeal three days after they filed their motion to dismiss (Bankr. Case, D.E. 361, filed on March 15, 2007).  The Bankruptcy Court did not enter its order denying Debtors' motion to dismiss until April 16, 2007 (Bankr. Case, D.E. 400).  AET filed a motion to dismiss the Debtors' appeal based on prematurity (Case No. 07-124, D.E. 2, 3), which this Court denied on April 20, 2007 (Case No. 07-124, D.E. 5).

Proceeding"). (Adv. Proc., D.E. 1). In their Complaint (and subsequent Amended Complaints), AET brings claims against Mr. Smith for negligent misrepresentation and fraud, and claims that Mr. Smith is not entitled to dischargeability of debt under the Bankruptcy Code. (Adv. Proc., D.E. 1, 2, 45). Specifically, AET alleges that Mr. Smith, along with his son (a former AET employee), engaged in a fraudulent business scheme that caused AET to suffer extensive financial damages. (Id.). Mr. Smith filed numerous motions to dismiss the Adversary Proceeding against him, which were all denied by the Bankruptcy Court.

### 2. <u>Order Denying Debtors' Motion to Waive Discharge, Dismiss Claim and Dismiss Adversary Proceeding</u>

The order Mr. Smith now appeals is Bankruptcy Court Order No. 169 in the AET Adversary Proceeding, entered on April 10, 2007 (Adv. Proc., D.E. 169). On January 8, 2007, Debtors Eric and Janet Smith filed a motion to waive discharge as to the claims of AET, to dismiss AET's Claim No. 8, and to dismiss the AET Adversary Proceeding (Adv. Proc., D.E. 77).[5] Specifically, Debtors sought to waive discharge of AET's claim against them, and Debtors alleged that once discharge was waived, the Bankruptcy Court should dismiss AET's claim as well as AET's Adversary Proceeding against Mr. Smith. (Id.). While AET did not oppose the Debtors' waiver of

---

[5] Debtors' reference to "Claim No. 8" appears to refer to AET's proof of claim, first filed in the Chapter 7 case (<u>In re: Eric G. and Janet D. Smith</u>) on July 31, 2006.

discharge as to AET's claim, AET did oppose dismissal of its claim and dismissal of the entire Adversary Proceeding (Adv. Proc., D.E. 91).  On April 10, 2007, the Bankruptcy Court issued its order denying the Debtors' motion in its entirety (Adv. Proc., D.E. 169). The Bankruptcy Court denied the Debtors' waiver of discharge, reasoning that 11 U.S.C. § 727(a)(10) only allows a debtor to waive his entire discharge, but not a discharge of a specific debt. (Id., ¶ 1).  The Bankruptcy Court also denied the Debtors' motion for dismissal of AET's claim, as well as the Debtors' motion for dismissal of the entire AET Adversary Proceeding.  The Bankruptcy Court stated that "[i]f the Debtors wish to agree to a settlement of claim #8, they are free to do so, but otherwise, the Debtors provide no basis for dismissal of the claim nor the adversary proceeding and their motion should be denied."  (Id., ¶ 2).

Mr. Smith appealed the Bankruptcy Court's order denying the Debtors' motion to waive discharge/dismiss AET's claim/dismiss the AET Adversary Proceeding.[6]  Mr. Smith's appeal was docketed in this Court as Case No. 07-123.

_____

[6]As he did with Case No. 07-124 described above, Eric Smith filed his Notice of Appeal in this case prior to the Bankruptcy Court's issuance of the order denying the Debtors' motion to waive discharge/dismiss AET's claim/dismiss the AET Adversary Proceeding.  Mr. Smith filed his Notice of Appeal on March 15, 2007 (Adv. Proc., D.E. 129).  However, the Bankruptcy Court did not actually deny the Debtors' motion until April 10, 2007 (Adv. Proc., D.E. 169).  AET filed a motion to dismiss Mr. Smith's appeal based on prematurity (Case No. 07-123, D.E. 2), which this Court denied on April 16, 2007 (Case No. 07-123, D.E. 4).

### 3.   __AET's Motions to Dismiss__

On May 9, 2007, AET filed motions to dismiss the appeals in Case Nos. 07-123 and 07-124.  (Case No. 07-123, D.E. 7, 8).  AET seeks dismissal of the above-referenced bankruptcy appeals on the grounds that they appeal interlocutory orders issued by the Bankruptcy Court, not final judgments subject to appellate review by this Court.[7]  On May 29, 2007, Mr. and Mrs. Smith filed their response and objections to AET's motion to dismiss Case No. 07-123. (Case No. 07-123, D.E. 12).[8]  The Smiths argue that Mr. Smith has the right to represent Mrs. Smith in the appeal, and that Case No. 07-123 is appealable to the district court either as a final order or pursuant to the collateral order doctrine.[9]

---

[7]In its motions to dismiss, AET also seeks sanctions against Mr. Smith for engaging in the unauthorized practice of law.  As discussed below, the Court DENIES AET's requests for sanctions against Mr. Smith.

[8]The Smiths only appear to have filed a response to AET's motion to dismiss the appeal in Case No. 07-123.  They did not file a separate response to AET's motion to dismiss the appeal in Case No. 07-124.  The issues in the two cases are very similar, because AET's essential argument in each case is that the Bankruptcy Court order at issue is not a final, appealable order under 28 U.S.C. § 158(a).  Since the issues and arguments are very similar for both appeals, the Court will treat the Smiths' response in Case No. 07-123 also as a response to AET's motion to dismiss in Case No. 07-124.

[9]On June 14, 2007, AET also filed a reply in support of its motions to dismiss (D.E. 14).

## II.  Discussion

### A.   District Court's Jurisdiction Over Appeals of Bankruptcy Court Orders

Mr. Smith (in Case No. 07-123) and both Mr. and Ms. Smith (in Case No. 07-124) characterize their appeals as being from a "judgment, order, or decree" of the Bankruptcy Court.[10] (Case Nos. 07-123 and 07-124, D.E. 1).  28 U.S.C. § 158(a) states as follows, in relevant part:

> (a)  The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1)  from final judgments, orders, and decrees;
> >
> > (2)  from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title[11]; and
> >
> > (3)  with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a).  Accordingly, without leave of Court, appellants may only appeal from "_final_ judgments, orders, and

---

[10]The Court notes that Mr. Smith alone brings the appeal in Case No. 07-123, and Mr. and Mrs. Smith together bring the appeal in Case No. 07-124.

[11]11 U.S.C. § 1121(d) addresses the issue of the timing of the filing of a plan.  This section is not applicable to the instant issue of AET's motions to dismiss the appeals in Case Nos. 07-123 and 07-124.

decrees" of the Bankruptcy Court.  Id. (emphasis added).

"[U]nder [the Fifth Circuit's] flexible rule of finality, '[a]n Order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of [28 U.S.C. § 158(a)(1)].'" In re Kitty Hawk, Inc., 204 Fed.Appx. 341, 343 (5th Cir. 2006) (citing Orix Credit Alliance, Inc. v. Heard Family Trucking, Inc., 41 F.3d 1027, 1029 (5th Cir. 1995)); see also In re Bartee, 212 F.3d 277, 282 (5th Cir. 2000) (citing In re Orr, 180 F.3d 656, 659 (5th Cir. 1999)) ("an appealed bankruptcy order must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'"); In re Eagle Bus Mfg., Inc., 62 F.3d 730, 734 (5th Cir. 1995) ("For all practical purposes, the bankruptcy court's order ended a discrete judicial unit in the case ... Therefore, the bankruptcy court's order is appealable as a final order."); In re Greene County Hosp., 835 F.2d 589, 595 (5th Cir. 1988) ("In order to be final in character, an order by a bankruptcy court must resolve a discrete unit in the larger case.").

Examples of "final," appealable orders of a bankruptcy court include turnover orders or orders recognizing the security interest of a creditor.  See In re Greene County Hosp., 835 F.2d at 595.  In contrast, bankruptcy court orders "that constitute only a

preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable." Id. (citing In re Delta Servs. Indus., 782 F.2d 1267, 1270-71 (5th Cir. 1986). An example of such an order would be an order appointing an interim trustee. See id.

B.     **The Bankruptcy Court Orders Appealed in Case Nos.
07-123 and 07-124 Are Not Final Appealable Orders**

In this case, both of the orders appealed in Case Nos. 07-123 and 07-124 are not "final" judgments, orders or decrees that may be appealed pursuant to 28 U.S.C. § 158(a)(1).

1.     **Bankruptcy Court Order No. 400 in the Chapter
7 Case (Case No. 07-124)**

As noted above, in Case No. 07-124, Mr. and Mrs. Smith appeal the Bankruptcy Court's order denying their motion to dismiss the Chapter 7 case. Denial of a motion to dismiss does not resolve a "discrete issue" in the pending litigation, as is required for an order to be considered "final" for purposes of Section 158(a)(1). In re Eagle Bus Mfg., Inc., 62 F.3d at 734. Further, numerous courts have held that a bankruptcy court's denial of a motion to dismiss is not a final order that may be appealed pursuant to Section 158(a)(1), but rather an interlocutory order that may only be appealed with leave of court. See, e.g., In re Value-Added Communications, Inc., 216 B.R. 772, 774 (N.D. Tex. 19997) (parties

agreed that bankruptcy court's order denying a motion to dismiss "was not final within the meaning of 28 U.S.C. § 158(a)(1)"); In re Greene County Hosp., 835 F.2d at 596 ("it is clear that the [bankruptcy court's] denial of a motion to dismiss for lack of subject matter jurisdiction is not a final order."); In re Ichinose, 946 F.2d 1169, 1176 (5th Cir. 1991) (debtors sought only interlocutory review of bankruptcy court order denying debtors' motion to dismiss a creditors' complaint); In re Phillips, 844 F.2d 230, 235 (5th Cir. 1988). In In re Phillips, the Fifth Circuit addressed the issue of whether a bankruptcy court's denial of a motion to dismiss the debtor's Chapter 7 petition was a "final" appealable order. The Fifth Circuit "h[eld] that the bankruptcy court order indeed was non-final." Id. The Fifth Circuit reasoned that the bankruptcy court's denial of the motion to dismiss "allow[ed] the bankruptcy proceedings to continue. It thus is a 'preliminary step in some phase in the bankruptcy proceeding,' and does not 'directly affect' the disposition of the estate's assets. We therefore conclude that the bankruptcy order here was non-final." Id. at 236 (citing Delta Servs. Indus., 782 F.2d at 1270-71).

In this case, Mr. and Mrs. Smith appeal the Bankruptcy Court's denial of one of their various motions to dismiss the Chapter 7 case. As set forth above, a denial of a motion to dismiss is an interlocutory, not a final order. See In re Phillips, 844 F.2d at

235-36.  The Bankruptcy Court's denial of the Smiths' motion to dismiss, like in <u>In re Phillips</u>, merely allowed the Chapter 7 case to continue, it did not resolve any concrete issue in the Chapter 7 proceeding.  <u>See id.</u>  Rather, the denial of the Smiths' motion to dismiss was a preliminary step in a phase of the Chapter 7 case, it did not affect the disposition of the assets of the estate, and it was not in any sense a "final" appealable order under 28 U.S.C. § 158(a)(1).  <u>See id.</u>  Accordingly, without leave of court (discussed further below), this Court does not have appellate jurisdiction over the appeal in Case No. 07-124.

> ### 2.   **Bankruptcy Court Order No. 169 in the AET Adversary Proceeding (Case No. 07-123)**

Mr. Smith's appeal of Bankruptcy Court Order No. 169 in the AET Adversary Proceeding is similar to the order discussed above in Case No. 07-124.  In Case No. 07-123, Mr. Smith appeals the denial of the Debtors' motion (1) to dismiss the Adversary Proceeding in its entirety; (2) to dismiss AET's claim against the Debtors; and (3) to waive discharge as to the claim of AET.  (Adv. Proc., D.E. 169, denying D.E. 77).  This order of the Bankruptcy Court is an interlocutory order, not a "final" order subject to appellate review under 28 U.S.C. § 158(a)(1).

First, by denying the portion of Debtors' motion that sought to dismiss AET's claim and to dismiss the Adversary Proceeding, the Bankruptcy Court's order essentially allowed the proceedings to

continue going forward, the order did not resolve any discrete issue in the Adversary Proceeding or the main bankruptcy case.  The order left AET's claim in place and let the Adversary Proceeding continue on the path to trial.  By merely allowing the proceedings to continue, the Bankruptcy Court's order did not directly affect the disposition of the estate's assets, and the order constituted only a "preliminary step in some phase of the bankruptcy proceeding".  In re Delta Servs Indus., 782 F.2d at 1270-71.  This is an interlocutory order, not one that is final and appealable by right.  See id.; Tomlin v. United States, 2000 WL 1909912, *1 (N.D. Tex. 2000) (classifying a bankruptcy court's order denying a motion to dismiss an adversary proceeding as "interlocutory").

Further, the portion of the Bankruptcy Court's Order No. 169 that denied the Debtors' waiver of discharge was also interlocutory, as the order did not definitively resolve the issue of discharge, nor did it definitively resolve the issue of any debt owed by the Smiths to AET.  Rather, the Debtors remained free to seek waiver of discharge for all of their debts pursuant to 11 U.S.C. § 727(a)(10), or to seek waiver of discharge of a specific debt by reaffirmation pursuant to 11 U.S.C. § 524(c).  The portion of Bankruptcy Court Order No. 169 regarding discharge did not resolve any discrete issue in the bankruptcy proceedings or affect the disposition of the estate's assets.  Rather, the order maintained the status quo and allowed the proceedings to go

forward.   This is an interlocutory order, not a final order appealable under 28 U.S.C. § 158(a)(1).  See In re Greene County Hosp., 835 F.2d at 595.

    C.   **Appeals of Bankruptcy Court Interlocutory Orders**

In this case, as set forth above, the two appealed orders of the Bankruptcy Court are not final judgments subject to an appeal to the District Court under 28 U.S.C. § 158(a)(1).  Rather, the appealed orders are both interlocutory.  However, Mr. and Mrs. Smith do not seek leave to appeal interlocutory orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(3).

Even though the Smiths did not seek leave to appeal interlocutory orders, Bankruptcy Rule 8003(c) states as follows, in relevant part:

> Appeal improperly taken regarded as a motion for leave to appeal
>
> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed.  <u>The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal</u>.

Fed. R. Bankr. P. 8003(c) (emphasis added); see also Powers v. Montgomery, 1998 WL 159944, *1 (N.D. Tex. 1998) (citing Midwest Props. No. Two v. Big Hill Inv. Co., Inc., 93 B.R. 357, 359-60 (N.D. Tex. 1988)) ("While leave of the district court is required to bring an interlocutory appeal, 28 U.S.C. § 158(a), Bankruptcy

Rule 8003(c) allows the district court to either grant leave or direct that a motion for leave be filed, though the appeal was improvidently taken, if a notice of appeal has been timely filed."); In re O'Connor, 258 F.3d 392, 397 (5th Cir. 2001).

Accordingly, pursuant to Bankruptcy Rule 8003(c), this Court will treat Mr. and Mrs. Smith's notices of appeal in Case Nos. 07-123 and 07-124 as motions for leave to appeal interlocutory orders of the Bankruptcy Court.

### 1. **Standard for Leave to Appeal an Interlocutory Order**

"Leave to appeal a bankruptcy court's interlocutory order [pursuant to 28 U.S.C. § 158(a)(3)] lies in the discretion of the district court." In re Reserve Production, Inc., 190 B.R. 287, 289 (E.D. Tex. 1995). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." In re Hunt Int'l Res. Corp., 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted).

Section 158(a)(3) does not set forth a standard for a district court to use to determine whether to grant leave to appeal an interlocutory order from a bankruptcy court. "Nonetheless, the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders." In re Ichinose, 946 F.2d at 1177; see also Sunbelt Works, Inc. v. Sommers, 2007 WL 954741, *1

(S.D. Tex. 2007) ("The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal under 28 U.S.C. § 158(a)(3), but it has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the various courts of appeals."). "This standard [under 28 U.S.C. § 1292(b)] consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." In re Ichinose, 946 F.2d at 1177; see also In re Verges, 2007 WL 955042, *1 (E.D. La. 2007) (same).

> ### 2.   The Interlocutory Orders Appealed in Case Nos. 07-123 and 07-124 Are Not Subject to Appellate Review

For the reasons set forth below, Bankruptcy Court Order No. 400 in the Chapter 7 case and Bankruptcy Court Order No. 169 in the AET Adversary Proceeding are not interlocutory orders that are subject to appellate review under 28 U.S.C. § 158(a)(3).

In order to be subject to interlocutory review, the orders at issue must involve "a controlling issue of law." With respect to both of the appealed Bankruptcy Court orders in Case Nos. 07-123 and 07-124, the predominant issues are factual and do not involve the required controlling questions of law.

For Bankruptcy Court Order No. 400 in the Chapter 7 case, the

Smiths do not even cite any legal reasons why their case should be dismissed, rather, the reasons they assert are all based on factual aspects of the case.[12] (Bankr. Case, D.E. 360, ¶¶ 1-5). Bankruptcy Court Order No. 169 in the AET Adversary Proceeding is also heavily grounded in factual issues. Specifically, the parties' arguments as to possible dismissal of the Adversary Proceeding relate to the alleged role of Mr. Smith in a scheme to defraud AET. (Adv. Proc., D.E. 1, 2, 45). AET argued that its Adversary Proceeding should not be dismissed because of AET's pending fraud and negligent misrepresentation claims against Mr. Smith. (Adv. Proc., D.E. 91). AET argued that these claims should proceed in the Adversary Proceeding, while Mr. Smith countered that the claims must proceed in a court other than the Bankruptcy Court. (Id., Adv. Proc., D.E. 108).

The arguments set forth in regard to both appealed orders are heavily fact-based and necessarily involve a review of the factual record. Accordingly, these orders are not appropriate for interlocutory review under the standard set forth in 28 U.S.C. §

---

[12]Specifically, the Smiths assert the following arguments why their Chapter 7 case should be dismissed: (1) Debtors have already tried to dismiss their Chapter 7 case on several occasions; (2) the Bankruptcy Court indicated it would reconsider dismissal after a particular creditors' meeting took place; (3) the Trustee only received $12,000.00 in proofs of claim; (4) Debtors have new, steady income with which to pay their actual debts; and (5) the Bankruptcy Court previously dismissed the case and later vacated the dismissal order. (Bankr. Case, D.E. 360, ¶¶ 1-5). None of these arguments is based in law, the Smiths only make fact-based claims in support of dismissal.

1292(b).    See, e.g., McFarlin v. Conseco Servs., LLC, 381 F.3d
1251, 1259 (11th Cir. 2004) (Section 1292 certification should be
reserved "for situations in which the court of appeals can rule on
a pure, controlling question of law without having to delve beyond
the surface of the record in order to determine the facts"); Garner
v. Wolfinbarger, 430 F.2d 1093, 1097 (5th Cir. 1970) ("question[s]
of fact or matter[s] for the discretion of the trial court" are not
appropriate issues for interlocutory appeals).[13]

Accordingly, based on the reasons set forth above, the Court
DENIES leave for interlocutory review of Order No. 400 in the
Chapter 7 case and Order No. 169 in the AET Adversary Proceeding.[14]

---

[13]Because there is no "controlling issue of law" involved in
either appealed Bankruptcy Court order, the Court does not reach
the issue of whether the appealed Bankruptcy Court orders involve
questions with "substantial ground for difference of opinion" or
whether "an immediate appeal [would] materially advance the
ultimate termination of the litigation."    In re Ichinose, 946
F.2d at 1177.    The Court does not reach these issues because the
absence of the involvement of a controlling issue of law
precludes interlocutory review of the appealed Bankruptcy Court
orders, regardless of whether the second two criteria of Section
1292(b) are satisfied.

[14]Of note, the Court makes no decision on whether or not Ms.
Janet D. Smith has perfected any appeal before this Court,
because Ms. Smith has not entered an appearance pro se, nor is
she represented by counsel in any action before the district
court.    Mr. Smith purports to represent Ms. Smith, but Mr. Smith
is apparently not licensed to practice law, and he may not
represent Ms. Smith in any federal court proceeding.    See
Gonzalez v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in
federal court a party can represent himself or be represented by
an attorney, but cannot be represented by a nonlawyer.").    The
Court notes that AET has requested sanctions against Mr. Smith
for the unauthorized practice of law, and that issue will be
addressed at a separate hearing.    This Order is limited to the

### D.   __Debtors' Argument re: the Collateral Order Doctrine__

The Court notes Mr. and Mrs. Smith's argument regarding the applicability of the "collateral order doctrine." (Response, pp. 3-4). However, for the reasons set forth below, the Bankruptcy Court orders in Case Nos. 07-123 and 07-124 are not appealable under the collateral order doctrine first announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).  See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 141 (1993).

The collateral order doctrine provides for appellate jurisdiction over "a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action, ... [as such] claims are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Will v. Hallock, 126 S.Ct. 952, 957 (2006) (internal citations and quotations omitted).  The collateral order doctrine is very narrow in scope.  See id. at 958 ("we have not mentioned applying the collateral order doctrine recently without emphasizing its modest scope."); Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994) (classifying the collateral order doctrine as a "narrow" exception).

---

dismissal of the bankruptcy appeals in Case Nos. 07-123 and 07-124.

The collateral order doctrine permits appeal of orders "that (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, **and** (3) are effectively unreviewable on appeal from a final judgment." Sell v. United States, 539 U.S. 166, 189 (2003) (emphasis added); Puerto Rico Aqueduct and Sewer Auth., 506 U.S. at 144-45 ("To come within the 'small class' of ... Cohen, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."); Gobert v. Caldwell, 463 F.3d 339, 344 (5th Cir. 2006) (same).

In this case, the Bankruptcy Court orders in Case Nos. 07-123 and 07-124 do not satisfy the requirements for appealability under the collateral order doctrine.  This is because neither order "resolve[s] an important issue completely separate from the merits of the action".  Puerto Rico Aqueduct and Sewer Auth., 506 U.S. at 144-45.  With respect to Bankruptcy Court Order No. 169 in the AET Adversary Proceeding, the order addressed the heart of the merits of the litigation: whether or not the Adversary Proceeding should go forward, whether or not AET's claim against the bankruptcy estate should be dismissed, and whether or not Mr. Smith's debt should be discharged with respect to the claim of AET.  Bankruptcy Court Order No. 169 in the AET Adversary Proceeding is completely

intertwined with the merits of the litigation, it addresses key issues raised by both parties and is not separable from the merits of the case as a whole.  The same holds true for Bankruptcy Court Order No. 400 in the Chapter 7 case, as that order held that the Chapter 7 proceeding was not to be dismissed.  This order clearly addressed the merits of the litigation, it ordered that the Chapter 7 case as a whole may go forward, rejecting the Debtor's request that the Chapter 7 case terminate in its entirety.  This is not a discrete issue separate from the merits of the litigation, rather, it goes to the heart of the case and is part and parcel of the entire Chapter 7 proceeding.

Accordingly, the Bankruptcy Court orders at issue in Case Nos. 07-123 and 07-124 do not meet the requirements for appellate review under the collateral order doctrine.

III. **Conclusion**

For the reasons set forth above, the Court determines that it does not have appellate jurisdiction to review Bankruptcy Court Order No. 400 in the Chapter 7 case and Bankruptcy Court Order No. 169 in the AET Adversary Proceeding.  Accordingly, the Court hereby GRANTS AET's motions to dismiss the bankruptcy appeals in Case Nos. 07-123 and 07-124.  The bankruptcy appeals in Case Nos. 07-123 and

07-124 are both hereby DISMISSED.[15]

SIGNED and ENTERED this 4th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

---

[15]The Court notes that Mr. and Mrs. Smith do have one remaining bankruptcy appeal pending before this Court, in Case No. 07-126.  As Case Nos. 07-123 and 07-124 have been DISMISSED, Case No. 07-126 will now proceed as a stand-alone action before this Court.